THE STATE, EX REL. COPELAND CORPORATION, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as State, ex rel. Copeland Corp., *v.* Indus. Comm. (1990), 53 Ohio St. 3d 238.]

(No. 89-241—Submitted April 17, 1990—Decided August 29, 1990.)

*Stanley R. Stein,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, *Jenice R. Golson* and *Michael L. Squillace,* for appellee Industrial Commission.

*E.S. Gallon & Associates* and *Richard M. Malone,* for appellee Bartrug.

*Per Curiam.* An award of temporary total disability compensation must be supported by some evidence that: (1) the claimant is not working, (2) the claimant's allowed conditions prevent a return to the former position of employment, and (3) the claimant's disability is temporary. *State, ex rel. Burley,* v. *Coil Packing, Inc.* (1987), 31 Ohio St. 3d 18, 31 OBR 70, 508 N.E. 2d 936; *State, ex rel. Ramirez,* v. *Indus. Comm.* (1982), 69 Ohio St. 2d 630, 23 O.O. 3d 518, 433 N.E. 2d 586. Appellant disputes only the commission's finding that his condition was not permanent. Upon review, however, we find some evidence supporting the commission's decision.

A disability's permanency "relates solely to the perceived longevity of the condition at issue." *Vulcan Materials Co.* v. *Indus. Comm.* (1986), 25 Ohio St. 3d 31, 33, 25 OBR 26, 27, 494 N.E. 2d 1125, 1127. The term "permanency" refers to "a condition which will, '* * * with reasonable probability, continue for an indefinite period of time without any present indication of recovery therefrom.' " *Id.*

In the case before us, Dr. Braunlin stated in his report of September 17, 1986:

"I feel that he [claimant] has likely reached maximal recovery unless he attends a chronic pain and stress center which I feel might be quite helpful in dealing with the multitude of problems of which he still complains. * * * Unless additional improvement is made in a rehabilitation type program, I feel that he has likely reached maximal recovery."

Dr. Braunlin's comments are susceptible to differing interpretations. Given his suggestion that claimant may benefit from attendance at a chronic pain and stress clinic, we find that the commission's interpretation of that report did not constitute an abuse of discretion. It is thus some evidence supporting the commission's conclusion that claimant's disability was not yet permanent. The appellate court's decision is affirmed in part with respect to this issue.

We note that the commission made further temporary total disability compensation contingent on the submission of medical evidence indicating

claimant's continued inability to return to his former position of employment. That evidence, however, must also support a finding that claimant's condition remains temporary. We, therefore, reverse and remand the court of appeals' decision in part and direct that court to issue a limited writ ordering the commission to base continued temporary total disability compensation on satisfaction of *all Ramirez* criteria.

*Judgment affirmed in part,*
*reversed in part and*
*cause remanded.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.