THE STATE EX REL. CONRAD; APPELLEE, *v.* INDUSTRIAL COMMISSION ·OF OHIO; KROGER COMPANY, APPELLANT.

[Cite as *State ex rel. Conrad v. Indus. Comm.* (2000), 88 Ohio St.3d 413.]

(No. 98–1387—Submitted February 22, 2000—Decided May 17, 2000.)

414

*Huntley & Huntley* and *Jeffrey L. Huntley,* for appellee.

*Porter, Wright, Morris & Arthur* and *Karl J. Sutter,* for appellant.

*Per Curiam.* Two issues are raised: (1) is Rutherford's report "some evidence" supporting denial of surgical payment? and (2) if not, is a return for further consideration warranted? For the reasons to follow, we answer both questions in the negative.

Dr. Rutherford examined claimant in October 1994. Claimant's condition, at that time, was unchanged from 1992. Although still having back pain, she could do light housework and had modified her lifestyle to accommodate her limitations. Based on claimant's history, then current symptoms and other medical information, Dr. Rutherford assessed maximum medical improvement and opined that further surgery was unwarranted.

A month later, claimant's condition changed dramatically. Dr. Rohner recorded an initial November 18 contact where claimant reported "severe pain [and] stating that she could hardly walk." Within three days, her condition had worsened. Objectively, Dr. Rohner found an inability by claimant to sit or stand erect without severe pain. An MRI corroborated claimant's complaints. Dr. Rohner advised emergency hospitalization.

Dr. Rutherford's report preceded these new and changed circumstances embodied by the exacerbation of claimant's condition. *State ex rel. Bing v. Indus. Comm.* (1991), 61 Ohio St.3d 424, 575 N.E.2d 177, recognized that claimants who had previously been declared as MMI could experience temporary exacerbation of their condition that justified further treatment or even temporary total

disability compensation, as the claimant struggled to recover his or her previous level of well-being.

To endorse the continued probative value of Dr. Rutherford's report, in view of the events occurring after his examination of claimant, gives his report a *res judicata* effect. This result was rejected in *State ex rel. B.O.C. Group, GMC v. Indus. Comm.* (1991), 58 Ohio St.3d 199, 201, 569 N.E.2d 496, 498, quoting 3 Larson, Workers' Compensation Law (1989) 15–426, 272(99), to 15–426, 272(100), Section 79.72(f):

" 'It is almost too obvious for comment that res judicata does not apply if the issue is claimant's physical condition or degree of disability at two entirely different times. * * * A moment's reflection would reveal that otherwise there would be no such thing as reopening for change in condition. The same would be true of any situation in which the facts are altered by a change in the time frame * * *.' "

Given these principles and the facts presented, Dr. Rutherford's report was not probative of the need for surgery following the 1994 exacerbation of claimant's condition. The commission, therefore, abused its discretion in relying on that report to deny payment for the procedure.

Having eliminated Rutherford's report from consideration, the court of appeals returned the cause to the commission for further consideration, reasoning that "a lack of evidence supporting a denial of * * * benefits cannot automatically translate into some evidence supporting an award of such benefits." See *State ex rel. Lampkins v. Dayton Malleable, Inc.* (1989), 45 Ohio St.3d 14, 16–17, 542 N.E.2d 1105, 1108. *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666, however, has since recognized that where the evidence is so one-sided as to support but one result, a return to the commission can be dispensed with and a judgment consistent with the evidence rendered.

In this case, the claim has been broadly allowed for "back injury," and Kroger has paid for prior disc surgeries in the affected areas. These prior surgeries, in turn, caused claimant's need for the disputed surgeries, according to Drs. Zerick and Rohner, whose reports comprise the only other evidence of record. The evidence, therefore, is clear enough to warrant *Gay* relief.

We affirm that portion of the court of appeals' judgment that disqualified Dr. Rutherford's report. The remainder of the judgment is reversed, and a writ of mandamus consistent with *Gay* is hereby granted.

*Judgment reversed in part*
*and affirmed in part.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.