DECISION
Relator, Delrita Brown, has filed an original action in mandamus requesting this court to issue a writ of mandamus to order respondent, Industrial Commission of Ohio, to vacate its order that terminated temporary total disability compensation, and to issue an order finding that relator has not reached maximum medical improvement.
This court referred the matter to a magistrate, pursuant to Civ.R. 53 and Section (M), Loc.R. 12 of the Tenth District Court of Appeals, who rendered a decision including findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate decided the requested writ of mandamus should be denied. No objections have been filed to the magistrate's decision.
Upon a review of the magistrate's decision and an independent review of the record, this court finds there was no error or other defect on the face of the magistrate's decision and adopts it as its own. The requested writ of mandamus is denied.
Writ of mandamus denied.
DESHLER and LAZARUS, JJ., concur.
 APPENDIX A IN MANDAMUS
Relator, Delrita Brown, filed this original action asking the court to compel respondent Industrial Commission of Ohio to vacate its order terminating compensation for temporary total disability ("TTD") and to issue an order finding that relator has not reached maximum medical improvement ("MMI").
Findings of Fact:
1. In October 2000, Delrita Brown ("claimant") sustained an industrial injury, and her workers' compensation claim was allowed for cervical and lumbar sprain. TTD compensation was awarded.
2. On September 7, 2001, claimant was examined by John Brannan, M.D., who found no organic pathology of the lumbar spine, no focal trigger points, a normal MRI and borderline EMG. Dr. Brannan found that claimant showed non-organic signs of injury, unreliable muscle-strength testing, inconsistencies with range-of-motion testing, and asserted radiating pain in a manner that was nonphysiologic. Dr. Brannan opined that, given the lack of response to prior treatment, further treatment would not yield improve-ment. He noted that claimant had been given a physical rehabilitation program but was noncompliant with the recommendations, and he concluded that claimant had reached MMI. In regard to work, Dr. Brannan opined that claimant could return to her clerical job.
3. On October 8, 2001, the managed care organization supervising claimant's care approved additional sessions of physical therapy as requested by her physician, Dr. McGinnis.
4. On October 16, 2001, the Bureau of Workers' Compensation referred the question of further TTD to the commission.
5. On November 20, 2001, a district hearing officer terminated TTD, finding claimant capable of returning to her former job based on Dr. Brannan's report.
6. In December 2001, a staff hearing officer vacated that order and terminated TTD based on MMI, relying on Dr. Brannan's report.
7. Further appeal was refused.
Conclusions of Law:
Claimant argues that the commission abused its discretion in terminating TTD compensation. For the reasons set forth below, the magistrate disagrees.
Under R.C. 4123.56(A), TTD compensation cannot be paid after the condition has become permanent, that is, has reached MMI, which is defined as follows:
 [A] treatment plateau (static or well-stabilized) at which no fundamental functional or physiological change can be expected within reasonable medical probability in spite of continuing medical or rehabilitative procedures. A claimant may need supportive treatment to maintain this level of function. [Ohio Adm. Code 4121-3-32(A)(1)]
This provision distinguishes between medical procedures that may provide "fundamental functional or physiological" improvement and those that do not. The definition makes clear that, after an injured worker has reached MMI, he or she may still need medical or rehabilitative treatment.
In many cases, treatment is needed to ease pain or maintain function but may or may not provide fundamental functional or physiological improvement. See, e.g., State ex rel. Copeland Corp. v. Indus. Comm. (1990), 53 Ohio St.3d 238, 239; State ex rel. Miller v. Indus. Comm. (1994), 71 Ohio St.3d 229, 232; State ex rel. Overlow v. Indus. Comm. (1998), Franklin App. No. 97AP-414, appeal dismissed, (1998),83 Ohio St.3d 1405; State ex rel. Evans v. Indus. Comm. (1999), Franklin App. No. 97AP-958. Thus, when medical treatments can provide no further functional or physiological improvement, the claimant has reached MMI and cannot receive further TTD compensation, regardless of whether further medical care is necessary and payable in the claim. Therefore, in the present action, the magistrate rejects the argument that receiving physical therapy is per se inconsistent with MMI. In other words, the mere fact that physical therapy has been authorized by a managed care organization does not automatically preclude the commission from making a finding of MMI.
As demonstrated in the decisions cited above, the standard for authorizing treatment is not the same as the standard for awarding TTD compensation. Treatment may be authorized as "necessary" regardless of whether it is expected to result in fundamental improvement. In contrast, TTD may be awarded only where "fundamental functional or physiological change" is expected from the continuing treatment.
In addition, the magistrate observes that those with administrative authority to approve treatment requests (i.e., the bureau, employers, and managed care organizations) should be encouraged to approve needed treatment liberally, without a concern that a liberal grant of treatment will necessarily determine other issues and without a need to determine at that time whether the requested treatment is palliative, supportive, or curative in nature. The only questions in regard to authorizing treatment should be whether the treatment is necessary, necessitated by an allowed condition, and reasonable
In the present action, ongoing treatment was authorized, but TTD was terminated. Claimant has not met her burden of proof in mandamus that the commission had no discretion to terminate TTD. Given the definition of MMI in the administrative code, the commission was within its discretion to rely on Dr. Brannan's opinion as to MMI despite ongoing care.
Accordingly, the magistrate recommends denial of the requested writ.