[This decision has been published in *Ohio Official Reports* at 97 Ohio St.3d 187.]

THE STATE EX REL. VALUE CITY DEPARTMENT STORES, APPELLANT, *v.*
INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Value City Dept. Stores v. Indus. Comm*., 2002-Ohio-5810.]

*Workers' compensation—Previous finding of maximum medical improvement does not foreclose later temporary total disability compensation if there is a worsening of the allowed conditions from which the claimant may again improve—Industrial Commission's decision not an abuse of discretion when supported by some evidence.*

(No. 2001-2266—Submitted October 15, 2002—Decided November 6, 2002.)

APPEAL from the Court of Appeals for Franklin County, No. 01AP-236.

————————————

**Per Curiam.**

{¶1} The 1997 workers' compensation claim of appellee-claimant Connie Lunsford was allowed for laceration of her left foot and ankle, and reflex sympathetic dystrophy was later added to her claim. She received temporary total disability compensation ("TTC").

{¶2} In February 1999, a peripheral nerve stimulator was permanently implanted in claimant's left leg. Relief, however, was intermittent, prompting her attending physician, Dr. Michael Stanton-Hicks, to recommend surgical revision of the leads on her stimulator.

{¶3} In the meantime, claimant's employer, appellant, Value City Department Stores, moved appellee Industrial Commission of Ohio to terminate claimant's TTC based on the February 21, 2000 report of Dr. Paul C. Martin, which stated his opinion that claimant had reached maximum medical improvement ("MMI"). On June 12, 2000, a commission district hearing officer ("DHO") denied

further TTC based on Dr. Martin's report. That order was administratively affirmed.

{¶4} On August 17, 2000, in response to Dr. Stanton-Hicks's proposal to revise the leads in claimant's peripheral nerve stimulator, Dr. Martin wrote:

{¶5} "It would be my medical opinion that if the leads have been altered or changed due to the scarring and resulting difficulty in placing these leads, it would be appropriate [that] the leads be revised in order to provide the maximum benefit from this particular procedure. It is my opinion [that] this is a reasonable request and should be allowed under this claim."

{¶6} Surgery was accordingly authorized and claimant then moved to reinstate her TTC, submitting Dr. Martin's letter in support. This prompted an October 17, 2000 letter from Dr. Martin, which explained:

{¶7} "As noted in my previous report and associated addendum, it was my medical opinion [that] the requested treatment consisting of an additional procedure to revise the placement of leads for the peripheral nerve stimulator was appropriate in this particular case.

{¶8} "It should be noted [that] this is simply a readjustment of the leads in order for the peripheral nerve stimulator to maintain a maximum degree of effectiveness. This particular procedure will not result in any further functional or physiologic improvement in Ms. Lunsford's overall condition, but will be important in order for her to maintain a maximum degree of improvement. The readjustment of the leads do [sic] not have an effect on her condition with respect to the issue of maximum medical improvement as it is simply a procedure to maintain such a state."

{¶9} Two days later but still before the surgery, a DHO denied renewed TTC, finding that "[n]othing has occurred as of the date of this hearing * * * to make Claimant currently temporarily and totally disabled."

**{¶10}** Claimant appealed, supported by an October 27, 2000 report from Dr. Stanton-Hicks, stating:

**{¶11}** "The patient * * * is currently awaiting revision of her peripheral nerve stimulator. * * *

**{¶12}** "* * * Ms. Lunsford is unable to ambulate any great distance because of symptoms in the left lower extremity and, as stated above, is awaiting scheduled surgery on 11/28/00.

**{¶13}** "Following surgical revision, it is expected that after a short convalescence of four weeks, the patient can commence physical therapy with a view to regaining function in the extremity."

**{¶14}** On November 28, 2000, claimant had the surgery. On December 15 of that year, the staff hearing officer vacated the DHO's order and ordered TTC:

**{¶15}** "[The order is] based upon Dr. Stanton-Hicks' C-9 report dated 6/6/2000. Dr. Stanton-Hicks indicates claimant is temporarily totally disabled and he requested surgery. The surgery was authorized on 8/25/2000, per MCO report dated 8/25/2000. Claimant underwent the surgery on 11/28/2000.

**{¶16}** "Dr. Martin's 10/17/2000 report is noted, but not found persuasive. Dr. Martin opines the claimant's condition has reached maximum medical improvement, despite the surgical procedure. The Staff Hearing Officer relies upon Dr. Stanton-Hicks' report dated 10/27/2000 and Dr. Martin's 8/17/2000 report regarding the surgical procedure and finds claimant's condition has not reached maximum medical improvement.

**{¶17}** "Thus, the Staff Hearing Officer finds, based upon Dr. Stanton-Hicks' reports, [that] claimant has demonstrated she became temporarily totally disabled on 6/12/2000. Temporary total compensation is ordered reinstated effective 6/12/2000."

**{¶18}** Value City's appeal was denied. Value City then sought a writ of mandamus from the Court of Appeals for Franklin County to compel the

commission to vacate its findings and deny TTC. Value City asserted that there was no evidence to support the commission's decision. The court disagreed and denied the writ, prompting Value City's appeal to this court as of right.

{¶19} A previous finding of MMI does not foreclose later TTC if there is a worsening of the allowed conditions from which they may again improve. *State ex rel. Bing v. Indus. Comm.* (1991), 61 Ohio St.3d 424, 575 N.E.2d 177; *State ex rel. Conrad v. Indus. Comm.* (2000), 88 Ohio St.3d 413, 727 N.E.2d 872. The commission made this finding in the case before us, prompting debate over whether there was evidence to support it. Upon review, we indeed find some evidence to support the commission's finding.

{¶20} The commission is solely responsible for weighing and interpreting evidence. *State ex rel. Burley v. Coil Packing, Inc.* (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936. When evidence is susceptible of differing interpretations as to MMI, the commission does not abuse its discretion in selecting one interpretation over the other. *State ex rel. Copeland Corp. v. Indus. Comm.* (1990), 53 Ohio St.3d 238, 559 N.E.2d 1310. In this case, pain and increasing difficulty in ambulation precipitated a request to have the leads replaced on claimant's peripheral nerve stimulator. In this regard, Dr. Martin stated on August 17, 2000, that "it would be appropriate [that] the leads be revised in order to provide the maximum benefit from this particular procedure." The commission interpreted this as evidence that claimant's condition had not attained MMI. We find this interpretation to be within the commission's prerogative.

{¶21} We reach the same conclusion with regard to Dr. Stanton-Hicks's October 27, 2000 report. There, he stated, "Following surgical revision, it is expected that after a short convalescence of four weeks, the patient can commence physical therapy with a view to *regaining* function in the extremity." (Emphasis added.) Again, we find no abuse of discretion in the commission's finding that this statement was evidence that claimant's condition could again improve.

**{¶22}** Value City decries reliance on any of Dr. Stanton-Hicks's reports, arguing that under *State ex rel. Zamora v. Indus. Comm.* (1989), 45 Ohio St.3d 17, 543 N.E.2d 87, the rejection of Dr. Stanton-Hicks's April 26, 2000 report at the June 2000 DHO hearing precludes further reliance on any of his reports. This is an improper reading of *Zamora*. *Zamora* precludes reliance on a report once that report has been rejected. It does not preclude reliance on reports by an author simply because one of the author's reports has been rejected, as was the case here.

**{¶23}** We accordingly find that the commission's order was supported by some evidence. The judgment of the court of appeals is hereby affirmed.

Judgment affirmed.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

Schottenstein, Zox & Dunn Co., L.P.A., and Corey V. Crognale, for appellant.

Robert E. Gross Co., L.P.A., and Scott Coghlan, for appellee Connie Lunsford.

Betty D. Montgomery, Attorney General, and Thomas L. Reitz, Assistant Attorney General, for appellee Industrial Commission of Ohio.

_____