The State ex rel. Josephson, Appellee, *v.* Industrial Commission of Ohio; Ohio State University, Appellant.

[Cite as *State ex rel. Josephson v. Indus. Comm.,* 101 Ohio St.3d 195, 2004-Ohio-737.]

(No. 2003–0865—Submitted December 15, 2003—Decided March 3, 2004.)

**Per Curiam.**

{¶ 1} Appellee-claimant Sally Josephson sprained her low back at work on March 31, 1999. A workers' compensation claim was allowed, and temporary total disability compensation ("TTC") was started. In late 1999, claimant was diagnosed with cancer. Surgery for that disease was performed in January 2000.

{¶ 2} After her operation, claimant began a Bureau of Workers' Compensation rehabilitation program, including a work-hardening program. After she began chemotherapy, she and the bureau agreed to suspend further rehabilitative

efforts because of the ill effects of the therapy. Claimant's rehabilitation plan was accordingly closed on July 27, 2000.

{¶ 3} On August 23, 2000, claimant was examined by Dr. Akram Sadaka. He opined that claimant's allowed conditions were at maximum medical improvement ("MMI"). This prompted the bureau to move to terminate TTC, and the Industrial Commission of Ohio granted that request on November 7, 2000. The claimant did not appeal.

{¶ 4} By February 2001, claimant had recovered from her chemotherapy and was cleared by her oncologist, Dr. Lynne A. Eaton, to begin an exercise program. Claimant's attending physician, Dr. William R. Adrion, followed up that release by asking the bureau to authorize a new work-hardening and exercise program with the goals of decreasing claimant's pain and "increasing general function and physical capacities." That request was approved on September 12, 2001.

{¶ 5} Shortly thereafter, claimant moved the bureau for reinstatement of TTC. The matter was eventually referred to the commission. Among the evidence before the commission was a February 6, 2001 C–84 physician's report from Dr. Adrion, which indicated that claimant had not achieved MMI. There were also, however, his office notes dated February 6, 2001, March 7, 2001, and March 23, 2001, which stated that when viewed against her previous history, claimant's back condition had remained unchanged.

{¶ 6} A district hearing officer's award of TTC was reversed on appeal. In reversing, the staff hearing officer wrote:

{¶ 7} "The Staff Hearing Officer does not find new and changed circumstances exist which would support a new period of temporary total compensation beginning 02/01/2001. The Staff Hearing Officer relies on the following. The allowances of this claim were found to have reached maximum medical improvement per an 11/07/2000 District Hearing Officer order * * * [based on] Dr. Sadaka's 08/23/2000 narrative report. The claimant had treatment in 2000 for cancer (specifically chemotherapy). Dr. Adrion certifies the claimant as being totally disabled as of 02/01/2001 per a C–84 dated 02/06/2001. * * * There are no new and changed findings or circumstances set forth on the C–84 dated 02/06/2001. * * * [A] 02/06/2001 office note of Dr. Adrion indicates 'no changes,' [and that] the claimant is having a lot of back pain, feels weak if she tries to do anything and wants to try physical therapy again to strengthen her back muscles again. * * * The claimant argues that the fact that her cancer treatments ended and she was released to an exercise program on 02/20/2001 (by Dr. Eaton) amounts to new and changed circumstances. The Staff Hearing Officer does not find further conservative treatment of a 1999 lumbar sprain adequately supports a finding of new and changed circumstances. The Staff Hearing Officer finds additional

conservative treatments of 1999 soft tissue injuries do not support a new period of temporary total compensation."

{¶ 8} Further appeal was refused.

{¶ 9} The claimant petitioned the Court of Appeals for Franklin County for a writ of mandamus, alleging that the commission had abused its discretion in denying TTC. The court of appeals agreed, finding that claimant's recovery from chemotherapy was a new and changed circumstance that warranted a resumption of TTC while claimant participated in the rehabilitation program.

{¶ 10} The cause is now before this court upon an appeal as of right.

{¶ 11} MMI is "a treatment plateau (static or well-stabilized) at which no fundamental functional or physiological change can be expected within reasonable medical probability in spite of continuing medical or rehabilitative procedures. A claimant may need supportive treatment to maintain this level of function." Ohio Adm.Code 4121–3–32(A)(1).

{¶ 12} The parties contest neither the initial MMI declaration nor the principle that TTC can be reinstated notwithstanding that declaration, should new and changed circumstances demand. See *State ex rel. Bing v. Indus. Comm.* (1991), 61 Ohio St.3d 424, 575 N.E.2d 177. They instead debate the sufficiency of the changed circumstance in this case to compel renewed TTC. For the reasons to follow, we find that the new and changed circumstance is insufficient to compel further TTC.

{¶ 13} Unquestionably, claimant's situation changed after MMI was assessed: she recovered from chemotherapy. But as the employer argues, not every new occurrence merits reinstatement of TTC.

{¶ 14} For example, in *Bing,* the claimant's condition temporarily worsened after MMI had been declared. We renewed TTC, reasoning that during the flare-up, claimant was not at MMI, and until she regained that level, she should be compensated with TTC.

{¶ 15} We reached the same result in *State ex rel. Conrad v. Indus. Comm.* (2000), 88 Ohio St.3d 413, 727 N.E.2d 872, and *State ex rel. Value City Dept. Stores v. Indus. Comm.,* 97 Ohio St.3d 187, 2002-Ohio-5810, 777 N.E.2d 249. *Conrad* described *Bing* as "recogniz[ing] that claimants who had previously been declared as MMI could experience temporary exacerbation of their condition that justified further treatment or even temporary total disability compensation, as the claimant struggled to recover his or her previous level of well-being." 88 Ohio St.3d at 415–416, 727 N.E.2d 872. Similarly, the claimant in *Value City* experienced a medical deterioration when the leads on her injury-related nerve stimulator failed. This worsening, combined with the favorable prognosis for

improvement once those leads were replaced, was enough to resume TTC despite an earlier declaration of MMI.

{¶ 16} These cases establish that, to date, the only new and changed circumstance sufficient to re-entitle a worker to TTC is the worsening of the claimant's allowed conditions accompanied by a prognosis that the worsening is only temporary. The commission in this case ruled that the claimant's allowed condition had not worsened after MMI was declared. There was some evidence to support this conclusion, and claimant does not seriously contest it.

{¶ 17} Claimant instead asks us to expand what constitutes new and changed circumstances sufficient to reinstate TTC. We decline to do so here. We recognize that there are many legitimate reasons for interrupting medical treatment. It is questionable, however, whether the court of appeals' rationale would have the same appeal if the reason for interruption of claimant's treatment had been, for example, the need to recover from cosmetic surgery or childbirth or relocation to a new home. In each case, both the cessation and resumption of treatment would be unrelated to any change in the allowed conditions. Unless there is a worsening of an allowed condition, a mere prospect of improvement beyond the level previously declared MMI will not justify a new recognition of temporary total disability.

{¶ 18} We, therefore, hold that claimant's change in situation is insufficient to warrant renewed TTC. Absent a worsening of claimant's allowed condition, she is in effect saying no more than that the earlier declaration of MMI was premature. That, however, is a matter that—when given the opportunity—claimant chose not to appeal.

{¶ 19} The judgment of the court of appeals is reversed, and the commission's order is reinstated.

_Judgment reversed._

MOYER, C.J., PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

RESNICK and F.E. SWEENEY, JJ., dissent and would affirm the court of appeals.

---

Kennedy & Colasurd Co., L.P.A., and Michael D. Colasurd, for appellee.

Kegler, Brown, Hill & Ritter, L.L.P., Timothy T. Tullis and David M. McCarty, for appellant.