THE STATE EX REL. FRISCH'S RESTAURANTS, INC., APPELLANT,
*v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Frisch's Restaurants, Inc. v. Indus. Comm.*, 102 Ohio St.3d 292, 2004-Ohio-2892.]

(No. 2003–1958—Submitted May 26, 2004—Decided June 23, 2004.)

**Per Curiam.**

{¶ 1} In 2002, appellant, Frisch's Restaurants, Inc., moved to terminate appellee-claimant Rodney J. Hart's temporary total disability compensation ("TTC"), alleging that he had reached maximum medical improvement ("MMI") for his allowed back conditions. In support, it submitted the December 19, 2001 report of Dr. Steven S. Wunder. Dr. Wunder reported claimant's complaints of constant back pain with occasional radiation and numbness. Tenderness in the lumbosacral area was noted, as well as reduced forward flexion. Dr. Wunder concluded:

{¶ 2} "For the recognized and allowed conditions of thoracic and lumbar sprain and strain, he has reached the level of maximum medical improvement.

{¶ 3} "I believe further medical treatment for Mr. Hart should be more active than passive. He should be improving his aerobic conditioning of the back and abdominal muscle groups.

{¶ 4} "I would have him avoid heavy lifting and repetitive bending.

{¶ 5} "I believe his symptoms will gradually dissipate over time."

{¶ 6} A district hearing officer for appellee Industrial Commission of Ohio found that Dr. Wunder's report supported a finding of MMI and ordered TTC terminated. A staff hearing officer reversed on appeal, writing:

{¶ 7} "The Staff Hearing Officer finds that there is no credible evidence on file to demonstrate that claimant has reached Maximum Medical Improvement.

{¶ 8} "The Staff Hearing Officer finds that the opinions of Dr. Wunder that claimant has reached Maximum Medical Improvement and that claimant's symptoms will gradually dissipate over time are inconsistent and do not support a finding of Maximum Medical Improvement. The Staff Hearing Officer further finds, based upon the prohibition against repetitive bending and heavy lifting in Dr. Wunder's report in the Functional Capacities Evaluation of Nova Care, that claimant cannot return to work at his former position of employment.

{¶ 9} "The Staff Hearing Officer further finds that there is presently no medical evidence on file to support the continued payment of temporary total disability compensation. Payment of temporary total compensation may continue upon submission of medical evidence documenting claimant's inability to return to work due to the allowed conditions."

{¶ 10} Further consideration was denied.

{¶ 11} Frisch's filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission had abused its discretion in refusing to assess MMI. The court of appeals disagreed, ruling that the commission had not abused its discretion in concluding that Dr. Wunder's report was not evidence of MMI.

{¶ 12} This cause is now before this court upon an appeal as of right.

{¶ 13} The commission is solely responsible for interpreting the evidence before it. *State ex rel. Burley v. Coil Packing, Inc.* (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936. This prerogative empowers it to adopt one of two plausible readings of a report and to disqualify that report—based on the commission's reading—as internally inconsistent. *State ex rel. Copeland Corp. v. Indus. Comm.* (1990), 53 Ohio St.3d 238, 559 N.E.2d 1310; *State ex rel. Lopez v. Indus. Comm.* (1994), 69 Ohio St.3d 445, 633 N.E.2d 528.

{¶ 14} MMI is defined as "a treatment plateau (static or well-stabilized) at which no fundamental functional or physiological change can be expected within reasonable medical probability in spite of continuing medical or rehabilitative procedures." Ohio Adm.Code 4121–3–32(A)(1). The commission found that Dr. Wunder's anticipation of eventual dissipation of symptoms contradicted his assertion that claimant had reached MMI. We find this conclusion to be within the commission's discretion.

{¶ 15} We are not persuaded by Frisch's reliance on *State ex rel. Brown v. Indus. Comm.*, Franklin App. No. 02AP–108, 2002-Ohio-4313, 2002 WL 1937596. The issue in *Brown*—unlike here—was not an evidentiary one. It instead pitted the commission's declaration of MMI against the authorization of further treatment by claimant's managed-care organization. Distinguishing between the differing goals of rehabilitative treatment and treatment to achieve fundamental function or physiological change, the court of appeals rejected claimant's argument that MMI and continued treatment are irreconcilable, and properly so. A finding of MMI has never—nor should it ever—automatically bar further treatment in a claim. Conversely, authorization of further treatment does not automatically foreclose an MMI declaration.

{¶ 16} The situation before us is vastly different. Distinctions between treatment goals do not change the contradiction between Dr. Wunder's assessment of MMI and his belief that a symptomatic claimant would eventually be symptom-free. We do not, therefore, find that the commission abused its evidentiary discretion in finding a fatal inconsistency between these two conclusions. Accord-

ingly, we uphold the commission's disqualification of Dr. Wunder's report as evidence of MMI.

{¶ 17} The judgment of the court of the appeals is affirmed.

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

---

Taft, Stettinius & Hollister, L.L.P., and Charles M. Stephan, for appellant.

Jim Petro, Attorney General, and Jacob Dobres, Assistant Attorney General, for appellee Industrial Commission.

Butkovich, Schimpf, Schimpf & Ginocchio Co., L.L.P., and Stephen P. Gast, for appellee Rodney Hart.