DECISION
{¶ 1} Relator, Sally A. Moore, filed this original action requesting that this court issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order, which denied her application for temporary total disability ("TTD") compensation, and ordering the commission to find that she is entitled to that compensation.
 {¶ 2} This court referred this matter to a magistrate pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law, recommending that this court deny the requested writ. (Attached as Appendix A.) No party has objected to the magistrate's findings of fact, and we adopt them as our own.
 {¶ 3} Briefly, in 1993, relator sustained work-related chemical burns, which affected the skin on her face, neck, and upper extremities. Since then, relator has undergone many treatments and has received various periods of TTD compensation.
 {¶ 4} In March 2004, relator's employer, International Truck and Engine ("employer"), moved to terminate TTD compensation. Following a hearing on November 23, 2004, a district hearing officer ("DHO") concluded that relator had reached maximum medical improvement ("MMI") and terminated the compensation.
 {¶ 5} In November 2004, relator requested authorization for an additional medical treatment. Following a hearing on April 6, 2005, a staff hearing officer ("SHO") authorized laser surgery for relator. In May 2005, Dr. Haroon A. Aziz performed a full face resurfacing. On May 11, 2005, relator moved for TTD compensation with an estimated return-to-work date of July 5, 2005.
 {¶ 6} Following a hearing on August 4, 2005, a DHO denied relator's request for TTD compensation. While recognizing that relator had undergone a "[c]osmetic surgical procedure[,]" the DHO concluded that it was "unclear * * * based on the available medical evidence how this cosmetic surgical procedure rendered the claimant, once again, temporarily and totally disabled." Instead, the DHO found that the July 5, 2005 request contained "the exact objective finding" as the August 5, 2004 request. In addition, the DHO stated: "Dr. Aziz has not provided any current narrative explanation as to how this current cosmetic surgical procedure prevented the claimant from working from 11/23/2004 forward."
 {¶ 7} Following a hearing on September 9, 2005, an SHO affirmed the DHO's order denying TTD compensation. The SHO noted that relator had been found to have reached MMI and concluded that no new or changed circumstances existed to render relator temporarily and totally disabled due to the allowed conditions.
 {¶ 8} The commission refused all further appeals, and this mandamus followed. As noted, the magistrate recommended denial of the writ. The magistrate acknowledged that, in some cases, TTD compensation can be granted where there has been a previous finding of MMI but there is a new or changed condition justifying TTD. Here, however, because the commission determined that relator's condition remained the same, the commission's denial of TTD compensation was not an abuse of discretion.
 {¶ 9} Relator objects to the magistrate's decision on the grounds that it fails to properly apply Ohio law to her case. First, relator asserts that the magistrate failed to address the commission's lack of medical evidence to support its conclusion that relator's procedure was a "cosmetic" procedure. Relator suggests that this characterization of the procedure as "cosmetic" implied a rejection of Dr. Aziz's opinion that relator required a period of convalescence following the surgery and that it prevented her from engaging in sustained remunerative employment. We disagree. There is no indication in the commission's orders that use of the term "cosmetic" to describe the procedure implied a rejection of Dr. Aziz's opinion. Rather, the commission rejected Dr. Aziz's opinion as sufficient evidence to grant TTD compensation because it was the same as that rendered before the commission's finding of MMI, it did not contain a narrative explaining why relator was temporarily and totally disabled, and it did not support a finding that a new or changed condition existed. We decline, as we must, relator's invitation to re-weigh and re-evaluate this evidence.
 {¶ 10} Second, relator asserts that the magistrate relied incorrectly upon State ex rel. Josephson v. Indus. Comm.,101 Ohio St.3d 195, 2004-Ohio-737, and State ex rel. Bing v. Indus.Comm. (1991), 61 Ohio St.3d 424. We disagree. The magistrate properly relied on Bing for the proposition that, even after MMI has been reached, a condition can flare up and render a claimant temporarily and totally disabled. The magistrate similarly relied on Josephson to define those circumstances under which a claimant who had previously reached MMI could thereafter be entitled to TTD compensation. While the facts of either or both of these cases may be distinguishable from the facts at issue here, the legal propositions for which the magistrate cited them are valid and, importantly, generally favor relator.
 {¶ 11} For these reasons, we overrule relator's objections to the magistrate's decision. Finding no error of law or other defect on the face of the magistrate's decision, this court adopts the magistrate's decision as our own, including the findings of fact and conclusions of law contained in it. In accordance with the magistrate's decision, the requested writ of mandamus is denied.
Objections overruled, writ of mandamus denied.
Petree and Brown, JJ., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. Sally A. Moore, : Relator, : v. : No. 06AP-28 International Truck and Engine and : (REGULAR CALENDAR) Industrial Commission of Ohio, : Respondents. :
 MAGISTRATE'S DECISION Rendered on August 28, 2006 Larrimer and Larrimer, and Thomas L. Reitz, for relator.
Vorys, Sater, Seymour Pease, and Corrine Carman, for International Truck and Engine.
Jim Petro, Attorney General, and Lasheyl Sowell, for Industrial Commission of Ohio.
 IN MANDAMUS {¶ 12} Relator, Sally A. Moore, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which denied her application for temporary total disability ("TTD") compensation and ordering the commission to find that she is entitled to that compensation.
Findings of Fact:
 {¶ 13} 1. During the course of relator's employment with International Truck and Engine, Inc. ("employer"), she worked preparing the hoods of medium-duty semi-trucks. The hoods had been injected with an IMC coating. During the sanding process, relator became covered with dust. As a result, the skin of relator's face, legs and arms were affected. Relator's claim was originally allowed for "Prurigo Nodularis." Prurigo is defined in Taber's Cyclopedic Medical Dictionary, (20 Ed. 2005) 1799, in pertinent part, as follows: "A chronic skin disease of unknown etiology, marked by constantly recurring, discrete, pale, deep-seated, intensely itchy papules on extensor surfaces of limbs." Over time, as the disease progresses, the skin thickens. As such, relator's claim was additionally allowed for "Lichenification." Lichenification is defined in Taber's, at 1236, as follows: "Cutaneous thickening and hardening from continued irritation." Relator's claim has also been allowed for: "Depressive Disorder."
 {¶ 14} 2. Relator's treating physician, Haroon A. Aziz, M.D., explained his treatment of relator as follows:
Ms. Moore has been under my care for the last several years following severe chemical burns involving the face and neck area and both upper extremities. * * *
Over the course of the last couple of years, we have been trying to treat her intensively with manipulation of the skin pigment and preparation of the skin for laser resurfacing primarily with the Erbium laser. The approach and the objects of the procedure has been to even the skin, at the depth to which making the depressed scars less noticeable and also to some extent dealing with the hyper/hypopigmentation. Over the last couple of years, Ms. Moore's face and both upper extremities has been treated a couple of times with the Erbium laser. The net result to date is definite improvement in the overall smoothness of the upper extremities and the face and neck area. There is much more even "depth" to the uninjured skin and the injured skin where there has been dermal loss. * * *
My current plan of action with Ms. Moore is continued treatments with the Erbium laser. * * *
There is a potential for scarring with the laser, particularly if depth of the surface area is too deep, such as significantly into the reticular dermis. As a result, we really do not have much choice but to proceed with carefully graduated treatments in increments so as to produce an optimal result without any unnecessary secondary scarring.
 {¶ 15} 3. Relator has received several treatments with the laser over the course of a number of years and has received various periods of TTD compensation.
 {¶ 16} 4. On March 12, 2004, the employer filed a motion requesting that relator's TTD compensation be terminated. The employer submitted the October 8, 2004 report of Homer E. Williams, M.D., who examined relator and reviewed her medical records. In his report, Dr. Williams noted that relator has severe scarring as a result of her allowed condition and that the condition is expected to be permanent. Dr. Williams opined that relator had reached maximum medical improvement ("MMI") and that further surgical procedures were not indicated.
 {¶ 17} 5. Relator submitted the November 19, 2004 report of her treating physician. In that report, Dr. Aziz explained the laser resurfacing procedures which he had been performing on relator and opined that MMI had not yet been achieved because additional treatments would benefit relator's overall end result.
 {¶ 18} 6. The employer's motion to terminate TTD compensation was heard before a district hearing officer ("DHO") on November 23, 2004. The DHO concluded that relator had reached MMI as follows:
The District Hearing Officer finds that the injured worker has reached maximum medical improvement, in that her condition will, with reasonable probability, continue for an indefinite period of time and that the injured worker has reached a treatment plateau at which no fundamental, functional or physiological change can be expected, within reasonable medical probability, in spite of continued medical or rehabilitative procedures.
The DHO relied upon the medical report of Dr. Williams.
 {¶ 19} 7. In November 2004, relator filed a motion requesting that additional medical treatment be authorized consisting of additional laser surgery.
 {¶ 20} 8. Ultimately, the matter was heard before a staff hearing officer ("SHO") on April 6, 2005 and resulted in an order granting relator's request. As such, the SHO authorized another laser surgery for relator.
 {¶ 21} 9. On May 16, 2005, Dr. Aziz performed a full face resurfacing on relator, including her arms. It is undisputed that relator was placed under general anesthetic for this procedure and her face was covered in gauze for approximately two weeks after the procedure.
 {¶ 22} 10. On May 11, 2005, relator submitted a C-84 signed by Dr. Aziz indicating that she was temporarily and totally disabled as a result of the laser surgery. Dr. Aziz opined that relator's estimated return-to-work date was July 5, 2005.
 {¶ 23} 11. Relator's request was heard by a DHO on August 4, 2005 and resulted in an order denying the request. The DHO concluded that relator had failed to demonstrate how the surgical procedure rendered her, once again, temporarily and totally disabled. The DHO concluded that relator did not present evidence of any new and changed circumstances that would render her temporarily and totally disabled.
 {¶ 24} 12. Relator appealed and the matter was heard before an SHO on September 9, 2005. The SHO affirmed the prior DHO order and denied the request for TTD compensation as follows:
The injured worker was found to have reached maximum medical improvement, pursuant to Staff Hearing Officer order dated 11/23/2004. The Staff Hearing Officer now finds no new or changed circumstances that would render the injured worker again temporarily and totally disabled due to the allowed conditions in this claim. The Staff Hearing Officer finds that the cosmetic surgical procedure that the injured worker underwent on 5/16/2005 is not a new and changed circumstance, or "flare-up" in order to render the injured worker again temporarily and totally disabled.
All evidence was reviewed and considered, including the report of Dr. Aziz dated 9/08/2005. The Staff Hearing Officer notes that the injured worker's current request is for temporary total disability compensation from 5/16/2005 to present, and to continue upon submission of medical evidence, and not merely a two week period of time in which the injured worker was bandaged due to the surgical cosmetic surgery.
 {¶ 25} 13. Relator's further appeal was refused by order of the commission mailed October 1, 2005.
 {¶ 26} 14. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
 {¶ 27} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law.State ex rel. Berger v. McMonagle (1983), 6 Ohio St.3d 28.
 {¶ 28} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. Stateex rel. Pressley v. Indus. Comm. (1967), 11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record.State ex rel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewisv. Diamond Foundry Co. (1987), 29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder.State ex rel. Teece v. Indus. Comm. (1981), 68 Ohio St.2d 165.
 {¶ 29} In this mandamus action, relator contends that the commission abused its discretion by denying her request for TTD compensation from May 16, 2005, the date of the latest laser surgery, through, at least, September 5, 2005, when Dr. Aziz estimated she could return to work. Relator contends that the commission abused its discretion by finding that she did not establish new and changed circumstances warranting a new period of TTD compensation. For the reasons that follow, this magistrate finds that the commission did not abuse its discretion.
 {¶ 30} TTD compensation awarded pursuant to R.C. 4123.56 has been defined as compensation for wages lost where a claimant's injury prevents a return to the former position of employment. Upon that predicate, TTD compensation shall be paid to a claimant until one of four things occurs: (1) claimant has returned to work; (2) claimant's treating physician has made a written statement that claimant is able to return to the former position of employment; (3) when work within the physical capabilities of claimant is made available by the employer or another employer; or (4) claimant has reached MMI. See R.C. 4123.56(A); State exrel. Ramirez v. Indus. Comm. (1982), 69 Ohio St.2d 630.
 {¶ 31} In the present case, the commission found that, as of November 23, 2004, relator's allowed condition had reached MMI. As such, TTD compensation was terminated as of that date. The commission relied upon the October 8, 2004 report of Dr. Williams who had opined that relator had reached MMI and that further surgical procedures were not indicated. Relator contends that, because the commission authorized further laser surgery on her face and arms, which took place May 16, 2005, she demonstrated new and changed circumstances and should have been awarded a period of TTD compensation.
 {¶ 32} Pursuant to R.C. 4123.52, the commission has continuing jurisdiction over each case and can make such modification or change with respect to former findings or orders as, in its opinion, is justified. Even where TTD compensation has been previously terminated, R.C. 4123.52 grants the commission continuing jurisdiction to award TTD compensation where the claimant has again become temporarily and totally disabled.State ex rel. Bing v. Indus. Comm. (1991), 61 Ohio St.3d 424. In Bing, the court noted that a condition, even one which has reached MMI, can "flare-up" thereby rendering the claimant again temporarily and totally disabled.
 {¶ 33} Ordinarily, once a claimant has reached MMI for allowed physical conditions, a new period of TTD compensation may be awarded based upon a showing that the claimant's allowed physical conditions have worsened. Sometimes, surgery is authorized specifically because the allowed physical conditions have worsened. In those instances, TTD compensation is paid again to the claimant.
 {¶ 34} In the present case, as stated previously, there is no evidence in the record which would indicate that relator's allowed condition had worsened thereby necessitating a surgical procedure which had not already been contemplated. MMI itself is defined as a treatment plateau at which no fundamental functional or physiological change can be expected within reasonable medical probability in spite of continuing medical or rehabilitative procedures. It is understood that an injured worker may need supportive treatment in order to maintain that level of function.
 {¶ 35} In State ex rel. Josephson v. Indus. Comm.,101 Ohio St.3d 195, 2004-Ohio-737, the Supreme Court of Ohio considered what constitutes new and changed circumstances sufficient to reinstate the payment of TTD compensation. The court repeated that the reason the claimant in Bing received a new period of TTD compensation after the finding of MMI was because his condition had flared up. During the flare-up, the claimant was not at MMI. The court concluded by stating:
* * * [T]hat, to date, the only new and changed circumstance sufficient to re-entitle a worker to TTC is the worsening of the claimant's allowed conditions accompanied by a prognosis that the worsening is only temporary. * * *
 {¶ 36} In the present case, relator's condition at the time the latest procedure was performed was the same as her condition had been at the time the commission determined she was at MMI. The commission found that relator's allowed condition had not worsened after MMI was declared. Because there is some evidence to support this conclusion, mandamus relief is not appropriate.
 {¶ 37} Based on the foregoing, it is this magistrate's decision that relator has not demonstrated that the commission abused its discretion in denying her request for TTD compensation and relator's request for a writ of mandamus should be denied.