DECISION ON OBJECTION TO THE MAGISTRATE'S DECISION.
{¶ 1} Relator, Monica A. Hammond, has filed this original action requesting a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to state the evidence upon which it relied when it denied relator's request for temporary total disability ("TTD"). Alternatively, relator seeks a writ of mandamus compelling the commission to vacate its denial of relator's application for TTD compensation and directing the commission to issue an order finding that relator is entitled to TTD compensation.
 {¶ 2} Pursuant to Civ. R. 53(C) and Loc. R. 12(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate of this court who issued a decision, including findings of fact and conclusions of law.[1] (Attached as Appendix A.) In her decision, the magistrate recommended denial of relator's request for a writ of mandamus.
 {¶ 3} Relator has filed an objection to the magistrate's decision. See, generally, Civ. R. 53(E)(3). In her objection, relator states:
This Court's magistrate correctly notes and cites to State ex rel.Value City Dept. Stores v. Indus. Comm. (2002), [97] Ohio St.3d 187 for the proposition that State ex rel. Zamora v. Indus. Comm. (1989),45 Ohio St.3d 17, does not preclude reliance on reports by an author simply because one of the author's reports has been rejected. Relator does not disagree with this notion or suggest otherwise.
Instead, relator would urge this court to recognize that a medical report is more than just a piece of paper. A medical report is a statement of opinions. This Court's magistrate would appear to suggest that one can circumvent Zamora simply by photocopying a prior report and stamping a new date on it. * * *
(Objection, at 3.)
 {¶ 4} Thus, the basis for relator's objection concerns a purported implication from the magistrate's interpretation of State ex rel. Zamorav. Indus. Comm. (1989), 45 Ohio St.3d 17, and State ex rel. Value CityDept. Stores v. Indus. Comm., 97 Ohio St.3d 187, 2002-Ohio-5810.
 {¶ 5} Notwithstanding relator's objection, this court finds that the magistrate has properly discerned the pertinent facts and applied the relevant law to those facts. Accordingly, this court overrules relator's objection and adopts the magistrate's decision as its own, including the findings of fact and conclusions of law contained in it. Relator's request for a writ of mandamus is therefore denied.
Objection overruled; writ denied.
French and McCormac, JJ., concur.
McCormac, J., retired, of the Tenth Appellate District, assigned to active duty under the authority of Section 6(C), Article IV, Ohio Constitution.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. : Monica A. Hammond, : Relator : v. : No. 04AP-199 Industrial Commission of Ohio (REGULAR CALENDAR) and Genesis Healthcare Systems, : Respondents. :
 MAGISTRATE'S DECISION Rendered on July 29, 2004 Law Office of Thomas Tootle, and Thomas Tootle, for relator.
Jim Petro, Attorney General, and Joseph C. Mastrangelo, for respondent Industrial Commission of Ohio.
Bricker Eckler LLP, and Thomas R. Sant, for respondent Genesis HealthCare System.
 IN MANDAMUS {¶ 6} Relator, Monica A. Hammond, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which denied her application for temporary total disability ("TTD") compensation as well as her motion for authorization of treatment and/or diagnostic testing and ordering the commission to find that she is entitled to both the compensation and treatment.
 {¶ 7} Findings of Fact:
 {¶ 8} 1. Relator sustained a work-related injury on March 9, 1999, when she was involved in a motor vehicle accident while returning from a home visit with a patient. Relator's claim was originally allowed for: "cervical strain/sprain; right shoulder sprain/strain; C6-7 herniated disc."
 {¶ 9} 2. On December 12, 2000, relator filed a motion seeking to have her claim additionally allowed for: "depressive disorder * * * and conversion disorder." Relator's motion was supported by the October 31, 2000 report and the January 15, 2001 addendum prepared by Donald J. Tosi, Ph.D., who opined that relator had developed a depressive disorder, that she had not reached maximum medical improvement ("MMI") and that she is in need of further psychological treatment.
 {¶ 10} 3. Relator was examined by Richard H. Clary, M.D., who issued a report dated February 7, 2001. Dr. Clary opined as follows:
In my medical opinion, Ms. Hammond is not suffering from any psychiatric or psychological impairment or disability as the result of her injury of 3/9/99. She has many complaints unrelated to her claim such as pain in her left arm, pain in her lower back and both legs, as well as burning and tingling in both hands and both feet. She has also developed a bizarre movement disorder which is unrelated to the claim. In my medical opinion, the most stressful event that occurred to Ms. Hammond in the Summer of 2000 was losing her temporary total benefits. She was terminated from her job in November of 1999 and she said she will lose her health insurance benefits later this year and her job provides health insurance for both her husband and herself. Her husband has serious problems with diabetes and heart disease.
 {¶ 11} 4. Relator's motion was heard before a district hearing officer ("DHO") on May 21, 2001 and resulted in an order additionally allowing relator's claim for "depressive disorder and conversion disorder" and granting her TTD compensation from October 31, 2000 through May 21, 2001.
 {¶ 12} 5. The employer appealed and the matter was heard before a staff hearing officer ("SHO") on June 25, 2001, and resulted in an order vacating the prior DHO order and refusing to allow the claim for the additional psychological conditions based upon the report of Dr. Clary.
 {¶ 13} 6. Further appeal was refused by order of the commission mailed July 7, 2001.
 {¶ 14} 7. Relator appealed the matter to the Perry County Court of Common Pleas pursuant to R.C. 4123.512. Ultimately, the court issued a verdict in relator's favor and found that she was entitled to participate in the workers' compensation system for the additional conditions of "depressive disorder and conversion disorder."
 {¶ 15} 8. By order mailed February 11, 2003, the commission additionally allowed relator's claim for: "depressive disorder and conversion disorder."
 {¶ 16} 9. Thereafter, relator filed a motion seeking an award of TTD compensation and approval for psychological treatment based upon the newly allowed psychological conditions, supported by the December 26, 2002 C-9 report and C-84, as well as the December 20, 2002 report of Dr. Tosi. In that report, Dr. Tosi opined as follows:
The Injured Worker has been Temporarily and Totally disabled due to her Depressive Disorder and Conversion
Disorder since 10/31/00, the time of my initial examination. The findings of this current examination reveal that the Injured Worker continues to exhibit psychological symptoms of Conversion Disorder and Depression of at least moderate severity. The Injured Worker is in need of psychological treatment for at least nine to twelve months. I would suspect she would reach MMI in that period of time.
 {¶ 17} 10. Relator was again evaluated by Dr. Clary who issued a report dated February 26, 2003, wherein he concluded as follows:
* * * In my medical opinion, her depression is in remission.
Ms. Hammond continues to exhibit symptoms of a conversion disorder but some of her symptoms are under her voluntary control. I reviewed a report from Dr. Steiman dated 2/26/01 which indicated that her symptoms are under her voluntary control. She also has developed pseudo seizures which are not allowed in the claim. These must be under voluntary control also because she has not been restricted in her driving and she said she still occasionally does drive, in spite of having over 20 pseudo seizures since January of 2002. She reports that the Xanax that is prescribed by Dr. Shannon is helpful. In my medical opinion, additional medication would not be appropriate or helpful for her conversion disorder. In my medical opinion, additional psychotherapy or counseling is not indicated or appropriate. Patients who have a conversion disorder convert their psychological stress and symptoms into physical symptoms. Counseling and psychotherapy are not beneficial or helpful.
In my medical opinion, Ms. Hammond has reached maximum medical improvement for her allowed psychological conditions. In my medical opinion, her allowed psychological conditions do not cause temporary total disability. In my medical opinion, additional treatment by a psychologist is not indicated and would not be helpful. In my medical opinion, appropriate treatment would be for her to continue receiving Xanax, which she has been receiving from Dr. Shannon now for some time. She has had almost a year and a half of counseling and in my medical opinion, additional treatment with a psychologist is not appropriate or indicated.
 {¶ 18} 11. Relator's motion was heard before a DHO on April 14, 2003, and resulted in an order granting the requested compensation based upon the medical evidence submitted by Dr. Tosi. The DHO also authorized treatment.
 {¶ 19} 12. The employer, respondent Genesis HealthCare Systems, appealed the matter.
 {¶ 20} 13. Dr. Clary submitted an additional report, dated June 24, 2003, wherein he stated as follows:
Accepting the objective medical findings in the file, it is my opinion that Ms. Hammond's [sic] has been very inconsistent with her reports of her past medical history given to various healthcare providers. Ms. Hammond's [sic] clearly told me that she went to the mental health center every 2 weeks for about a year and a half for treatment and she voluntarily stopped treatment in October of 2002. In my medical opinion, there are clear indications that her symptoms are under voluntary control as noted in my previous reports. She also had the onset of "pseudo seizures" in January of 2002 and this is not part of her claim. Review of medical records indicate that temporary total benefits stopped in July of 2000 and this is when she developed her symptoms that were later diagnosed as a conversion disorder. During my previous evaluations, Ms. Hammond had multiple physical complaints unrelated to her claim. Depressive disorder is a very mild form of depression that is not work prohibitive and does not cause temporary total disability. Ms. Hammond's [sic] has also developed a seizure disorder that is not part of her claim but she has not been restricted in her driving. She reported to me that she still occasionally drives in spite of having "over 20 pseudo seizures since January of 2002." In my medical opinion, Ms. Hammond is exaggerating her symptoms to appear disabled. In my medical opinion, patients who have a conversion disorder, tend to convert their psychological stress and problems into physical symptoms. As the result, psychological counseling and psychotherapy are not beneficial or helpful to these individuals.
In my medical opinion, Ms. Hammond did not suffer from temporary total disability from 10/31/00 to 5/31/03. In my medical opinion, additional psychological treatment by Dr. Tosi is no indicated for her allowed conditions.
 {¶ 21} 14. The matter was heard before an SHO on September 4, 2003. The SHO vacated the prior DHO order and denied both TTD compensation as well as treatment as follows:
Payment of temporary total compensation is denied for the requested period of 05/22/2001 to the 09/04/2003 date of this hearing.
Payment is likewise denied for the treatments requested by DR. TOSI in the C-9 dated 12/26/2002.
All evidence was considered. This denial is based on the 06/24/2003 report of DR. CLARY, which is more persuasive than the reports of DR. TOSI. DR. CLARY accepts the allowed psychological conditions, and demonstrates a clear grasp of the history of this claim. He is found persuasive in his conclusion that the claimant is exaggerating her symptoms to appear disabled, and that psychological treatment will not help this situation.
 {¶ 22} 15. Relator's request for reconsideration was refused by order of the commission mailed October 2, 2003.
 {¶ 23} 16. Thereafter, relator filed the instant mandamus action in this court.
 {¶ 24} Conclusions of Law:
 {¶ 25} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show that she has a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v.Indus. Comm. (1967), 11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewis v. Diamond Foundry Co. (1987),29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981), 68 Ohio St.2d 165.
 {¶ 26} Relator raises a single issue in this mandamus action: whether the commission abused its discretion by relying upon the June 24, 2003 report of Dr. Clary when the common please court had previously rejected the opinion of Dr. Clary when it found that relator was entitled to participate in the workers' compensation system for the currently allowed psychological conditions? According to relator, inasmuch as the jury rejected Dr. Clary's prior opinion, any later reports issued by Dr. Clary with regard to relator's psychological conditions are barred from consideration by State ex rel. Zamora v. Indus. Comm. (1989),45 Ohio St.3d 17. Relator argues that Dr. Clary's "opinion" remained the same regardless of the fact that relator's claim was ultimately accepted for the psychological conditions. Relator contends that Zamora applies to remove Dr. Clary's "opinions" from evidence in its entirety. For the reasons that follow, this magistrate disagrees.
 {¶ 27} First, the Ohio Supreme Court already addressed this issue inState ex rel. Value City Dept. Stores v. Indus. Comm., 97 Ohio St.3d 187,2002-Ohio-5810, at ¶ 22. In that case, the court specifically noted as follows: Value City decries reliance on any of Dr. Stanton-Hick's reports, arguing that under State ex rel. Zamora v. Indus. Comm. (1989),45 Ohio St.3d 17 * * *, the rejection of Dr. Stanton-Hick's April 26, 2000 report at the June 2000 DHO hearing precludes further reliance on any of his reports. This is an improper reading of Zamora. Zamora
precludes reliance on a report once that report has been rejected. It does not preclude reliance on reports by an author simply because one of the author's reports has been rejected, as was the case here.
 {¶ 28} Secondly, Dr. Clary's original report addressed the issue of whether or not relator had psychological conditions which was a direct result of the allowed industrial injury. Dr. Clary originally opined that, in his medical opinion, relator did not have a psychological disorder which was attributable to her industrial injury. Later, after relator's claim was allowed for depressive disorder and conversion disorder, Dr. Clary issued his report dated June 24, 2003. In that report, Dr. Clary specifically notes the allowed psychological conditions, but then notes his own findings. As the court noted in Stateex rel. Domjancic v. Indus. Comm. (1994), 69 Ohio St.3d 693, a doctor's report must indicate an awareness of the recognized conditions. Thereafter, the doctor is not required to merely parrot the allowed conditions in his medical findings; instead, it is the duty of the doctor to report his actual clinical findings. In the present case, Dr. Clary noted that relator does continue to exhibit some symptoms of conversion disorder; however, he found that some of her symptoms were under her voluntary control. He noted further that her allowed psychological conditions did not cause her to be temporarily and totally disabled during the requested time period. As such, contrary to relator's assertions, the magistrate finds that the report of Dr. Clary does constitute some evidence upon which the commission could rely and relator's argument lacks merit. Further, relator sought treatment for the period after December 2002. Dr. Clary had opined that she reached MMI in October 2002.
 {¶ 29} Based on the foregoing, it is this magistrate's decision that relator has not demonstrated that the commission abused its discretion in relying on the June 23, 2003 report of Dr. Clary to find that relator is not entitled to TTD compensation and in declining to authorize treatment, and relator's request for a writ of mandamus should be denied.
 /s/ Stephanie Bisca Brooks
STEPHANIE BISCA BROOKS MAGISTRATE
[1] By journal entry filed April 20, 2004, Stephanie Bisca Brooks was substituted as magistrate for the previously appointed magistrate, Patricia Davidson.