DECISION
{¶ 1} Relator, Genesis Healthcare Systems, commenced this original action in mandamus seeking an order compelling respondent, Industrial Commission of Ohio ("commission"), to vacate its order granting permanent total disability ("PTD") *Page 2 
compensation to respondent, Monica A. Hammond ("claimant"), and to order the commission to deny claimant said compensation.
 {¶ 2} Pursuant to Civ.R. 53(D) and Loc.R. 12(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate found that there was some evidence (Dr. Tosi's report) upon which the commission could rely in granting PTD compensation. The magistrate noted that questions of credibility and the weight given conflicting evidence are clearly for the commission to decide as the fact finder. The magistrate also determined that the commission did not abuse its discretion when it denied reconsideration of the staff hearing officer's ("SHO") order, even though relator argued that our decision in State ex rel. Hammond v. Indus. Comm., Franklin App. No. 04AP-199, 2004-Ohio-7197, was newly discovered evidence. Therefore, the magistrate has recommended that we deny the requested writ of mandamus.
 {¶ 3} Relator has filed an objection to the magistrate's decision arguing that the magistrate erred in finding that the court's decision in Hammond was not newly discovered evidence. Relator contends that the commission should have considered this decision in determining whether to grant PTD compensation. We disagree.
 {¶ 4} First, we agree with the commission that this court's decision in Hammond is not evidence. Therefore, this decision was not newly discovered evidence upon which the commission could rely on reconsideration.
 {¶ 5} Second, we agree with the magistrate that relator could have made the argument it asserted on reconsideration at the time it opposed the claimant's application for PTD compensation. Relator was well aware that the commission had relied on Dr. *Page 3 
Clary's report in denying the claimant's previous temporary total disability ("TTD") application.
 {¶ 6} Lastly, as noted by the magistrate, all this court did inHammond was conclude that the commission did not abuse its discretion in relying on Dr. Clary's report when it denied claimant TTD compensation. This court did not determine that Dr. Clary's report was more reliable than Dr. Tosi's report.
 {¶ 7} For the foregoing reasons, we find relator's arguments unpersuasive and, therefore, we overrule relator's objection.
 {¶ 8} Following an independent review of this matter, we find that the magistrate has properly determined the facts and applied the appropriate law. Therefore, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's decision, we deny relator's request for a writ of mandamus.
Objection overruled;
 writ of mandamus denied.
 SADLER, P.J., and PETREE, J., concur. *Page 4 
 APPENDIX A MAGISTRATE'S DECISION IN MANDAMUS {¶ 9} Relator, Genesis Healthcare System, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which granted permanent total *Page 5 
disability ("PTD") compensation to respondent Monica A. Hammond ("claimant") and ordering the commission to find that claimant is not entitled to that compensation.
Findings of Fact:
 {¶ 10} 1. Claimant sustained a work-related injury on March 9, 1999, while working as a Registered Nurse Case Manager for relator. Claimant sustained the following injuries as a result of a car crash on that date: "Cervical strain/sprain; right shoulder sprain/strain; C6-7 herniated disc; depressive disorder; conversion disorder."
 {¶ 11} 2. On May 28, 2004, relator filed an application for PTD compensation. In support, claimant submitted the January 10, 2004 questionnaire from her treating psychologist Dr. Donald J. Tosi, who indicated that, as a result of claimant's depressive disorder and conversion disorder, she was permanently and totally disabled. Claimant also submitted the February 14, 2004 narrative report of Dr. Tosi who opined as follows:
 This Injured Worker's psychological state has deteriorated over the past five months. She has become increasingly despondent and anxious. Symptoms of Conversion Disorder continue to persist (uncontrolled motor behaviors, shaking). I also believe that the Injured Worker's intellectual functioning has deteriorated. At this time, she obtained an estimated WAIS-R IQ of 89 (Shipley Institute of Living Scale). In particular, her level of abstract reasoning is slightly below average. Recall, this Injured Worker holds an associate degree in nursing from Ohio University. People who complete this type of degree have IQ's in at least the average range.
 The weight of evidence clearly indicates that the Injured Worker is quite disturbed from a psychological standpoint. Her condition has deteriorated over the past five months. In my view, this Injured Worker is permanently and totally disabled based solely on the allowed psychological condition in this claim.
 {¶ 12} 3. The record also contains the July 22, 2004 report of Dr. Leslie A. Friedman who opined that claimant's current symptoms and extensive disability were not *Page 6 
related to the allowed physical conditions in the claim, that she was capable of sustained remunerative employment in any capacity, and was not permanently and totally disabled.
 {¶ 13} 4. The record also contains the July 26, 2004 report of Dr. Richard H. Clary who opined that claimant was exaggerating her symptoms and that she had "developed pseudo-seizures which are not part of the claim," and ultimately concluded that: "In my medical opinion, Ms. Hammond is exaggerating her symptoms to appear disabled. In my medical opinion, her allowed psychiatric conditions are not work prohibitive and do not cause permanent total disability."
 {¶ 14} 5. The record also contains the August 17, 2004 report of Dr. Lee Howard who opined that claimant had reached maximum medical improvement ("MMI") relative to her allowed psychological condition and concluded that claimant could perform at the simple, moderate, and complex task ranges and that she could perform at the low stress range but not at the moderate or high stress ranges.
 {¶ 15} 6. The record also contains the August 24, 2004 report of Dr. Boyd W. Bowden who opined that claimant had reached MMI with regard to all of her allowed claims, assessed a five percent whole person impairment for her allowed orthopedic problems and concluded that claimant could perform sedentary work activity.
 {¶ 16} 7. Claimant's application for PTD compensation was heard before a staff hearing officer ("SHO") on January 3, 2005. The SHO relied upon the January 10, 2004 questionnaire from Dr. Tosi as well as Dr. Tosi's subsequent February 14, 2004 narrative report. Based solely upon the allowed psychological condition, the SHO determined that claimant was entitled to PTD compensation as follows:
 The 01/10/2004 completed questionnaire and subsequent 02/14/2004 narrative psychological report from Dr. Donald *Page 7 
 Tosi (Clinical Psychologist) found the allowed psychological condition has deteriorated so much that the injured worker is "quite disturbed" from a psychological standpoint. Dr. Tosi found the injured worker was permanently and totally disabled from the psychological condition alone. It should be mentioned that Dr. Tosi found the allowed conversion disorder has resulted in a bizarre uncontrolled motor behavior and shaking. It is inconceivable that the injured worker would be able to return to the workforce in any capacity due to this bizarre behavior pattern.
 The Staff Hearing Officer hereby accepts and adopts the reports of Dr. Tosi and grants the injured worker's permanent and total disability application. The injured worker is permanently removed from all forms of sustained remunerative employment from a psychological standpoint without considering the various disability factors (age, education, work history, etc.). Therefore, the disability factors will not be discussed in this order.
 All relevant evidence was reviewed and considered, including the reports of Dr. Clary and Dr. Friedman along with other reports and relevant medical information.
 {¶ 17} 8. Relator appealed from the SHO order asserting that "there is newly discovered evidence which by due diligence could not have been discovered and filed * * * prior to the date of the hearing." Relator's newly discovered evidence consisted of a copy of this court's decision in State ex rel. Hammond v. Indus. Comm., Franklin App. No. 04AP-199,2004-Ohio-7197, wherein this court adopted as its own the decision of the court's magistrate upholding the commission's determination that claimant was not entitled to temporary total disability ("TTD") compensation for the period of May 22, 2001 to September 4, 2003, based upon a report from Dr. Clary who opined that claimant was exaggerating her symptoms to appear disabled.
 {¶ 18} 9. By order mailed February 12, 2005, further reconsideration of the matter was denied. *Page 8 
 {¶ 19} 10. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
 {¶ 20} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm.
(1967), 11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewis v. Diamond FoundryCo. (1987), 29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981),68 Ohio St.2d 165.
 {¶ 21} The relevant inquiry in a determination of permanent total disability is claimant's ability to do any sustained remunerative employment. State ex rel. Domjancic v. Indus. Comm. (1994),69 Ohio St.3d 693. Generally, in making this determination, the commission must consider not only medical impairments but, also, the claimant's age, education, work record and other relevant nonmedical factors. State exrel. Stephenson v. Indus. Comm. (1987), 31 Ohio St.3d 167. Thus, a claimant's medical capacity to work is not dispositive if the claimant's nonmedical factors foreclose employability. State ex rel. Gay v.Mihm (1994), 68 Ohio St.3d 315. The commission must also specify in its order *Page 9 
what evidence has been relied upon and briefly explain the reasoning for its decision. State ex rel. Noll v. Indus. Comm. (1991),57 Ohio St.3d 203.
 {¶ 22} Relator first contends that the commission abused its discretion by relying solely upon the report of Dr. Tosi and "wrongly disregarding] four other reports that unanimously contradicted Dr. Tosi's report." (Relator's brief at 5; emphasis sic.) However, the law requires only that the commission cite that evidence upon which it relies in reaching its conclusion. State ex rel. Mitchell v. Robbins Myers, Inc. (1983), 6 Ohio St.3d 481. Questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder, Teece, supra, and it is immaterial whether other evidence, even if greater in quality and/or quantity, supports a decision contrary to the commission's. State ex rel. Pass v. C.S.T.Extraction Co. (1996), 74 Ohio St.3d 373. This magistrate is not in a position to second-guess medical experts and will not find that medical reports are defective in the absence of obvious inconsistencies.State ex rel. Lopez v. Indus. Comm. (1994), 69 Ohio St.3d 445.
 {¶ 23} In the present case, the commission cited the medical evidence upon which it relied and, aside from the fact that relator contends that medical evidence was clearly wrong, relator does not otherwise challenge that evidence. As such, the magistrate finds that there was some evidence upon which the commission relied and the commission cited that evidence in granting its award of PTD compensation.
 {¶ 24} Relator also contends that the commission should have reconsidered the matter when relator presented the commission with a copy of this court's decision upholding the commission's order denying a requested period of TTD compensation to claimant. Relator contends that it did not have a copy of this court's decision until after *Page 10 
the SHO hearing and that this court's decision validated the commission's decision to rely on Dr. Clary's reports.
 {¶ 25} First, the magistrate notes that upon review of this court's December 30, 2004 decision in Hammond, the same counsel appeared on behalf of relator. Further, the reports of Dr. Clary submitted in opposition to the application for TTD compensation were similar to the reports of Dr. Clary submitted in opposition to the application for PTD compensation. Dr. Clary is clearly of the opinion that claimant is exaggerating her symptoms. Relator and counsel also had a copy of the July 29, 2004 magistrate's decision ultimately adopted in full by this court. As such, relator and its counsel were well aware of this argument and could have, even without a copy of this court's decision, made that argument in opposition to the application for PTD compensation. This court's ultimate affirmance of the commission's order denying a period of TTD compensation based upon Dr. Clary's reports did not do anything to make Dr. Clary's later reports more credible as relator argues. All this court did was conclude that the commission did not abuse its discretion in relying on Dr. Clary's report to deny claimant TTD compensation — this court did not determine that Dr. Clary was more reliable. Furthermore, to the extent that relator contends that Dr. Tosi was opining that claimant was temporarily and totally disabled during the same time period he later asserted she was permanently and totally disabled, this magistrate disagrees. The reports of Dr. Tosi submitted in support of claimant's motion for TTD compensation were dated October 31, 2000, January 15, 2001, and December 20, 2002. In support of the application for PTD compensation, in a report dated February 14, 2004, Dr. Tosi specifically noted that claimant's condition had deteriorated over the past five months. Dr. Tosi was entitled to conclude that his prior *Page 11 
opinion that claimant should reach MMI sometime in 2003 certainly could have changed based upon his continuing contact with the claimant and would not preclude him from reassessing claimant's situation. Inasmuch as the same counsel for relator was involved opposing both the motion for TTD compensation as well as the application for PTD compensation, counsel for relator could have attempted to depose Dr. Tosi and asked him about his change of opinion. The fact that Dr. Tosi had modified his opinion did not come as a surprise to relator. Instead, relator attempted to argue that this court's decision upholding the commission's order denying a period of TTD compensation to claimant was somehow newly discovered evidence which supported relator's opposition to the application for PTD compensation. While the report was new, it was not necessarily relevant to the issue presented. As stated previously, this court did not determine that Dr. Clary's opinion was more credible than Dr. Tosi's opinion. The magistrate finds that the commission did not abuse its discretion.
 {¶ 26} Based on the foregoing, it is this magistrate's conclusion that relator has not demonstrated that the commission abused its discretion by granting claimant's application for PTD compensation and relator's request for a writ of mandamus should be denied.
s/s Stephanie Bisca Brooks
STEPHANIE BISCA BROOKS
 MAGISTRATE *Page 1